**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN**

WILLIAM C DEMETROPOULOS,
and JK, a minor,

        Plaintiffs,

v.                                                                                                                  Case No. 09-CV-530

WATERTOWN SCHOOL DISTRICT and
WATERTOWN POLICE DEPARTMENT,

        Defendants.

## DECISION AND ORDER DENYING PLAINTIFFS'
## PETITION TO PROCEED IN FORMA PAUPERIS

On May 27, 2009, the plaintiffs in this action, William C. Demetropoulos ("Demetropoulos"), and JK, a minor ("JK"), filed a complaint in which they name the Watertown School District and Watertown Police Department as the defendants. Accompanying the complaint was a petition to proceed *in forma pauperis*.

The federal *in forma pauperis* statute, 28 U.S.C. § 1915, is designed to ensure indigent litigants meaningful access to the federal courts. *Nietzke v. Williams*, 490 U.S. 319, 327 (1989). To authorize a litigant to proceed *in forma pauperis*, the court must first determine that the litigant is unable to pay the costs of commencing the action. 28 U.S.C. § 1915(a). Second, the court must determine that the action is neither frivolous nor malicious, does not fail to state a claim, and does not seek money damages against a defendant immune from such relief. 28 U.S.C. § 1915(e)(2). In making the latter determination, the court must give a pro se

plaintiff's allegations, "however inartfully pleaded," a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

In the petition and affidavit for leave to proceed *in forma pauperis*, the plaintiffs state that they currently have no income. The plaintiffs further state that they pay rent in the amount of $390 per month, "when employed." The plaintiffs' current total monthly expenses are $425. In light of the foregoing, the court is satisfied that the plaintiffs are unable to pay the costs of commencing this action.

Now the court must determine whether the action is frivolous, malicious, fails to state a claim or seeks money damages against a defendant immune from such relief.

The plaintiffs' complaint seems to suggest that plaintiff JK was discriminated against because of his religion. However, absent from the plaintiffs' complaint is any indication that the alleged discrimination was motivated, even in part, as a response to the JK's religion. Indeed, the complaint does not disclose what religious beliefs, if any, JK embraces. Rather, it appears from the plaintiffs' complaint that the plaintiffs are alleging, at most, that JK was harassed because of his gothic appearance. Without a tie between JK's gothic appearance and religious beliefs, this court is left with only a bare allegation that religious discrimination occurred. Simply stated, such a bare allegation fails to state a claim upon which relief may be granted. *See Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1965 (2007) (stating that a complaint must contain enough "[f]actual allegations . . . to raise a right to relief
-2-

above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." ).  Or, stated another way, with regards to the plaintiffs' religious discrimination claim, the plaintiffs' complaint has not stated "enough facts to state a claim to relief that is plausible on its face."  *Id.* at 1974.

As best as the court can discern, the plaintiffs may also be pursuing a claim that the defendants violated JK's due process rights by failing to affirmatively protect JK from bullying in school.  However, the Supreme Court has rejected attempts to read the Fourteenth Amendment's Due Process Clause as an all-encompassing affirmative charter of government duties.  *See DeShaney v. Winnebago County Department of Social Services*, 489 U.S. 189, 195, 103 L. Ed. 2d 249, 109 S. Ct. 998 (1989).  Indeed, in *DeShaney*, the Court rejected a plaintiff's due process claim that the defendants, a collection of state social service agencies, violated the Due Process Clause by failing to protect the plaintiff from an abusive father.  489 U.S. at 195. Rather, the Court stated that "[i]n the substantive due process analysis, it is the State's affirmative act of restraining the individual's freedom to act on his own behalf – through incarceration, institutionalization, or other similar restraint of personal liberty – which is the 'deprivation of liberty' triggering the protections of the Due Process Clause, not its failure to act to protect his liberty interests against harms inflicted by other means."  *Id.* at 1006.  The Seventh Circuit has made it clear that the relationship between a school and its pupil is not the sort of restraint on personal liberty that triggers the protections of the Due Process Clause.  *See J.O. v. Alton*

-3-

*Comm. Unit Sch. Dist. 11*, 909 F.2d 267, 272-73 (7th Cir. 1990) ("School children are not like mental patients and prisoners such that the state has an affirmative duty to protect them."). Application of the foregoing law to the plaintiffs' allegations leads inescapably to the conclusion that the plaintiffs' complaint fails to state a claim upon which relief may be granted.

For all of the foregoing reasons, the plaintiffs' petition to proceed *in forma pauperis* will be denied.

**NOW THEREFORE IT IS ORDERED** that the plaintiffs' petition to proceed *in forma pauperis* be and hereby is **DENIED**;

**IT IS FURTHER ORDERED** that this action be and hereby is **DISMISSED**.

The Clerk is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 12th day of June, 2009.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge